J-S46024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                                   :
            v.                    :
                                   :
                                   :
DAVID STALLWORTH            :
                                   :
            Appellant         :     No. 597 WDA 2023

Appeal from the Judgment of Sentence Entered May 12, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-SA-0000310-2023

BEFORE: DUBOW, J., MURRAY, J., and SULLIVAN, J.

JUDGMENT ORDER BY MURRAY, J.:         **FILED: June 12, 2024**

David Stallworth (Appellant), *pro se*, appeals the judgment of sentence entered following his conviction of two counts of neglect of an animal, and one count of cruelty to animals.[1] We dismiss the appeal.

On March 7, 2023, a magisterial district court convicted Appellant of the above-described offenses and sentenced Appellant to a fine and costs. On March 16, 2023, Appellant filed a motion to proceed *in forma pauperis*, and a petition for permission to file a summary appeal, *nunc pro tunc*. The trial court granted Appellant's petition on March 17, 2023. On March 21, 2023, Appellant filed his *nunc pro tunc* summary appeal.[2]

---

[1] ***See*** 18 Pa.C.S.A. §§ 5532(a), 5533(a).

[2] Appellant did not request the appointment of counsel.

On May 12, 2023, Appellant failed to appear for his scheduled trial. As described by the trial court,

> [t]he hearing date of May 12, 2023, at 8:15 a.m., was conspicuously hand-written on the notice of appeal. The location of the hearing and the court's telephone number was also on the notice of appeal.
>
> The officer appeared for the hearing but not [Appellant]. On May 12, 2023, after [Appellant] failed to appear at the hearing, [the trial court] entered an order dismissing [Appellant's] summary appeal, and entered judgment on the judgment of the issuing authority, pursuant to Pa.R.Crim.P. 462(D) [(governing trials *de novo* where the defendant fails to appear)].[3] [Appellant] filed an appeal to the Superior Court of Pennsylvania on May 24, 2023.

Trial Court Opinion, 7/5/23, at 1 (capitalization modified; footnote added).

On May 26, 2023, the trial court ordered Appellant to file a concise statement of matters complained of on appeal within 21 days. Appellant failed to file a concise statement. **See** Pa.R.A.P. 1925(b).[4] However, our review disclosed the trial court's concise statement order failed to reflect the date the clerk's office received the order, the date appearing on the court's order, or the date of service of the order, as required by Pa.R.Crim.P. 114(C)(2).

---

[3] The trial court sentenced Appellant to an aggregate $300 fine plus costs. Judgment, 5/12/23.

[4] When a trial court orders an appellant to file a Pa.R.A.P. 1925(b) concise statement, he must comply to preserve his claims on appeal. **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998). Any issues not raised in a timely concise statement will be deemed waived. Pa.R.A.P. 1925(b)(4)(vii).

- 2 -

Consequently, on February 2, 2024, we remanded for the trial court to issue a new Rule 1925(b) order that complies with Pa.R.Crim.P. 114(C).

The trial court's docket reflects that the trial court complied with our directive, issuing a new Rule 1925(b) order, which was docketed on March 4, 2024. Our review of the trial court's docket further reveals that Appellant filed no concise statement after March 4, 2024.[5] As Appellant has not filed a Rule 1925(b) concise statement in accordance with the trial court's March 4, 2024, order, no issues are preserved for appeal. Accordingly, we dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

6/12/2024

---

[5] Upon inquiry from this Court, the trial court confirmed Appellant filed no concise statement.